IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TONYA ESTELLE, | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO.   3:14cv754 |
| WILLIAM HEWITT and CON-WAY | § | |
| TRUCKLOAD, INC. | § | |
|     Defendants. | § | |

## INDEX OF DOCUMENTS

COME NOW, WILLIAM HEWITT and CON-WAY TRUCKLOAD, INC. (hereinafter

referred to as "Defendants"), Defendants in the above-entitled and numbered civil action, and

submits this their Index of Documents filed in the State Court Action, pursuant to the Federal

Rules of Civil Procedure, and which are attached to Defendant's *Notice of Removal*:

| | **Document** | **Date** |
|---|---|---|
| 1. | Plaintiff's Original Petition, Written Discovery to Defendants and Jury Trial Demand | 01/30/14 |
| 2. | Original Answer of Con-Way Truckload, Inc. | 02/27/14 |
| 3. | Original Answer of William Hewitt | 02/27/14 |
| 4. | Defendant's Jury Demand | 02/27/14 |
| 5. | Defendant's Notice of Removal | 02/27/14 |
| 6. | State Court Docket Sheet | 02/27/14 |



EXHIBIT
A

Respectfully submitted,

*/s/ D. Randall Montgomery*
**D. RANDALL MONTGOMERY**
State Bar No. 14289700
**MICHAEL JUSTUS**
State Bar No. 24002384
**D. RANDALL MONTGOMERY
  & ASSOCIATES, P.L.L.C.**
12400 Coit Road, Suite 560
Dallas, Texas 75251
(214) 292-2600
(469) 568-9323 (Facsimile)

**ATTORNEYS FOR DEFENDANTS
WILLIAM HEWITT AND
CON-WAY TRUCKLOAD, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing instrument has been served upon all attorneys of record in accordance with the Federal Rules of Civil Procedure on this the __27th__ day of February, 2014.

**CMRRR 71791000164921390871**
Gabriel A. Riveros
R.E. Lopez & Associates, PC
2600 K Avenue, Suite 140
Plano, Texas  75074

*/s/ D. Randall Montgomery*
**D. RANDALL MONTGOMERY**

FILED
DALLAS COUNTY
1/30/2014 12:39:44 PM
GARY FITZSIMMONS
DISTRICT CLERK

Smith Gay

1 CIT/ ATTY

1 CIT/ SOS/ ATTY

CAUSE NO. ___DC-14-00994___

| | | |
|---|---|---|
| TONYA ESTELLE<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§ | 95TH-D<br>_____ JUDICIAL DISTRICT |
| WILLIAM HEWITT & CON-WAY<br>TRUCKLOAD, INC.,<br>Defendants. | §<br>§<br>§<br>§ | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION, WRITTEN DISCOVERY TO DEFENDANTS AND JURY TRIAL DEMAND

### TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the above captioned Plaintiff complaining of and against the above captioned Defendants herein, and would respectfully show unto the Court as follows:

### I. DISCOVERY CONTROL PLAN

Plaintiff intend to conduct discovery under Discovery Level 2. Written discovery requests to Defendants are set forth below, including Request for Disclosure, Requests for Production, and Interrogatories.  Responses to discovery requests are due **fifty (50) days** from the date Defendants was served with this Petition, to the office of R.E. Lopez & Associates, P.C., 2600 K Avenue, Suite 140, Plano, Texas 75074.

### II. PARTIES AND SERVICE

Plaintiff is a resident of Dallas County, Texas.

Defendant **William Hewitt** was a resident at the time this cause of action  accrued and subsequently moved out-of-state and/or is a nonresident of the State of Texas involved in the subject automobile accident that is the basis of this lawsuit, whose place of business is 4701 E.



EXHIBIT
A-1

32nd Street, Joplin, MO 64804, and as such may be served under CRPC §17.062(a) and/or (b) via substituted service on the <u>Chairman of the Texas Transportation Commission at Ted Houghton, Chairman, Texas Transportation Commission, 125 E. 11th Street, Austin, TX 78701-2483</u> or wherever the Defendant may be found. <u>Issuance of citation is requested at this time</u>.

Defendant **CON-WAY TRUCKLOAD INC.**, is a Texas registered foreign corporation, File No. 14405615460, that may be served by serving its registered agent **Corporation Service Company D/B/A CSC-Lawyers Inc., 211 E.7th Street, Suite 620, Austin, TX 78701** . <u>Issuance of citation is requested at this time</u>.

In the event any parties are misnamed or not included herein, it is Plaintiffs contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein.

### III. JURISDICTION

This Court has jurisdiction as Plaintiffs damages exceed the minimum jurisdictional limits of this Court. In addition the damages claimed exceed $100,000.00 thus this case is exempt from the expedited trial rules.

### IV. VENUE

Venue is proper in Dallas County, Texas, pursuant to 15.002(a)(1) of the Texas Civil Practice and Remedies Code, because the facts that give rise to the causes of action occurred in Dallas County, Texas. The motor vehicle collision subject of this lawsuit occurred in Dallas County, Texas.

### V. FACTS

On or about December 6, 2013, Plaintiffs were operating and/or occupying their vehicle in travelling on northbound 35 near Ann Arbor when the slowed for traffic up ahead. Defendant

failed to use due care, control, speed and distance behind Plaintiff's vehicle and slammed into the rear of Plaintiff's vehicle causing injuries to Plaintiff.

It was the Defendants negligence and negligence *per se*, and/or negligent entrustment which was the proximate cause of Plaintiffs personal injuries.

## VI. NEGLIGENCE OF DEFENDANTS

The conduct of Defendants was the proximate causes of Plaintiff's personal injuries in that Defendants acts or omissions, constituted negligence, negligence *per se* and/or malice in following acts of negligence, to wit:

    a.    failing to keep such a look out as a person of ordinary prudence would have kept under similar circumstances;

    b.    failing to apply the brakes to the vehicle in order to avoid the collision;

    c.    failing to turn the direction of the vehicle away from other vehicles, in order to avoid the accident;

    d.    failing to use due care to avoid the collision;

    e.    failing to identify, predict, decide and execute evasive maneuvers appropriately in order to avoid collision; and

    f.    failing to control the speed of the vehicle, in violation of Texas Transportation Code § 545.351.

Each of the above acts and omissions, singularly or in combination with each other, was the proximate cause of Plaintiff sustaining injuries and damages that are described below.

In addition, Defendant Con-Way negligently entrusted the vehicle to Defendant Hewitt on the date in question when it knew or should have known Defendant Hewitt to be an incompetent, unlicensed, reckless and/or inexperienced driver.   Defendant Con-Way owed

Plaintiff a duty of reasonable care and breached that duty by negligently entrusting its vehicle to Defendant Hewitt when it was reasonably foreseeable that doing so would and did create an unreasonable risk of harm to the motoring public and to Plaintiffs. As a result, Defendant Con-Way's acts and/or omissions was a proximate cause of the Plaintiffs sustaining injuries and damages that are described below.

In addition, Defendant Hewitt was acting at all relevant times under the control and/or supervision and/or direction and in furtherance of the business of Defendant Con-Way. As such, Defendant Con-Way is vicariously liable for any and all of the negligent acts and/or omissions of Defendant Hewitt involved in this accident.

## VII. DAMAGES

As a result of the negligent conduct of Defendants, Plaintiff suffered injuries to various parts of their body.

As a result of the injuries sustained, Plaintiff incurred reasonable and necessary doctors and medical expenses for their necessary medical care and attention in excess of the minimal jurisdictional amount of this Court. There is also the probability Plaintiff will incur additional reasonable and necessary medical expenses in the future for an amount unknown at this time.

Plaintiff suffered physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner well into the future, if not for the balance of their life.

Plaintiff suffered past and future physical impairment, lost income and lost earning capacity. Plaintiff sustained property damage loss and associated expenses and/or loss of use of their vehicle.

All of the aforementioned damages were proximately caused by the negligence of Defendants, with no contribution from Plaintiff.

## VIII. DISCOVERY REQUESTS

### Instructions

For any requested information about a document that no longer exists or cannot be located, identify the document; state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss, and identify each document evidencing the existence or nonexistence of each document that cannot be located.

### Definitions

The following definitions shall have the following meanings, unless the context requires otherwise:

1. "Defendant," "you," or "your" means the above captioned Defendants, unless otherwise specified.

2. "Plaintiff" or "Plaintiffs" means either named Plaintiff as identified for the purpose of this set of discovery unless otherwise specified.

3. "Party" or "parties," as well as party's full or abbreviated name or a pronoun referring to a party, means the party, and where applicable, his or its agents, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with him or it, or under his or its control, whether directly or indirectly, including any attorney.

4. "Possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession that is equal or superior to the person who has physical possession o the item.

5. "File" means any collection or group of documents maintained, held, stored, or used together, including, without limitation, all collections of documents maintained, held, or stored in folders, notebooks, or other devices for separating or organizing documents.

6. "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity and all predecessors or successors in interest.

7. "Communication" means any oral or written communication of which the Defendant has knowledge, information, or belief.

8. "Date" means the exact date, month, and year, if ascertainable, or, if not, the best available approximation.

9. "Mobile device" means cellular telephone, satellite telephone, pager, personal digital assistant, palm top computer, hand-held computer, electronic rolodex, e-book, or walkie-talkie.

10. "Identify" or "describe," when referring to a person, means you must state the following:

   a. The full name.
   b. The present or last known residential address and residential telephone number.
   c. The present or last known office address and office telephone numbers.
   d. The present occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular request.
   e. In the case of any entity, identify the officer, employee, or agent most closely connect with the subject matter of the request and identify the officer who is responsible for supervising that officer or employee.

11. "Identify" or "describe," when referring to a document, means you must state the following:

   a. The nature (e.g. letter, handwritten note) of the document.
   b. The title or heading that appears on the document.
   c. The date of the document and the date of each addendum, supplement, or other addition or change.
   d. The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered.
   e. The recent location of the document, and the name, address, position or title, and telephone number of the person or persons having custody of the document.

12. The word "and" means "and/or." The word "or" means "or/and."

13. The word "vehicle" means a vehicle that is involved in motor vehicle accident that is the subject of this suit..

14. Accident," "incident," or "collision" means the motor vehicle collision forming the basis of this lawsuit

### Rule 194 Requests for Disclosure to All Defendants

Please take notice that pursuant to Rule 194, you are requested to disclose the following information or material:

.a.   The correct names of the parties to the lawsuit;

b.   The name, address and telephone number of any potential parties;

c.  The legal theories and, in general, the factual basis of the responding party's claims or defenses;

d.  The amount and method of calculating economic damages;

e.  The name, address, and phone numbers of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case.

f.  For any testifying expert:
   (1) The expert's name, address and phone number;
   (2) The subject matter on which the expert will testify;
   (3) The general substance of the expert's mental impressions and opinions and   brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;
   (4) If the expert is retained by, employed by, or otherwise subject to the control of the responding party:
      a. All documents, tangible things, reports, models, or data compilations that have been provided to reviewed by, or prepared by or for the expert in anticipation of the expert's testimony, and
      b. The expert's current resume and bibliography

g.  Any discoverable indemnity and insuring agreements;

h.  Any discoverable settlement agreements;

i.  Any discoverable witness statements;

j.  In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

k.  In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the responding party by virtue of an authorization by the requesting party.

## INTERROGATORIES TO DEFENDANT HEWITT

Take notice that pursuant to Rules 192 and 197 of the Texas Rules of Civil Procedure,

Plaintiff serves the attached interrogatories to be propounded to Defendant. You are hereby

instructed to answer the following interrogatories separately, fully, in writing, and under oath

as required by Rule 197.2(d) of the Texas Rules of Civil Procedure and the provisions of Rule 14 shall not apply.

You are further advised that, pursuant to Rule 193.5, the party responding to these Interrogatories is under a duty to supplement his answer if he obtained information upon the basis of which (a) he knows that the answer was incorrect when made, or (b) he knows the answer, though correct when made, is no longer true and the circumstances are such that his failure to amend the answer is in substance a knowing concealment.

If any space left for your answer is insufficient, please attach a separate sheet to complete such answer. The answers shall be served upon the undersigned counsel within 50 days after the service of these interrogatories. The "date" referred to in the following interrogatories is the date of the accident forming the basis of this lawsuit.

The ""incident" and/or "accident" referred to in the following interrogatories is the accident involving the parties named in this lawsuit.

A "writing" as referred to in the following interrogatories is any written or recorded documentation, memorandum, notes, electronic data transfer, reports, records; and any other similar or comparable recondition of information.

**INTERROGATORY NO. 1:** Please state generally each individual act or omission on the part of any party or non-party which you contend caused or contributed to the incident. Additionally, please state generally what facts lead you to believe that such act or omission caused or contributed to the incident.

**ANSWER:**

**INTERROGATORY NO. 2:** Please state generally each factor other than the alleged negligence of the Plaintiff(s) which you contend contributed to or was the sole cause of the incident including, but not limited to, acts or omissions of negligence of any other party or parties, or potential party, sudden emergency; unavoidable accident; mechanical defect; or Act of

God.   Additionally, please state generally what facts lead you to believe that such factor contributed to or was the sole cause of the incident.

**ANSWER:**

**INTERROGATORY NO. 3:** Please state generally each factor which you contend caused or contributed to the Plaintiffs damages including, but not limited to, pre-existing or subsequently existing physical or medical condition or other conditions.
**ANSWER:**

**INTERROGATORY NO. 4:** Identify the date and location of each vehicular collision in which you have been involved as a driver, excluding the incident made the basis of this suit, within the past five (5) years.

**ANSWER:**

**INTERROGATORY NO. 5:** If your driver's license has ever been suspended, or if any action has ever been initiated to suspend your driver's license, identify the agency that initiated suspension proceedings, the reason or reasons stated for each suspension, and the result.

**ANSWER:**

**INTERROGATORY NO. 6:** If, in the past ten (10) years, you have ever been arrested for a felony or a crime involving moral turpitude, state the date of each arrest, the name of each arresting agency, the city and state, the offense charged, the court, the type of plea entered, and the disposition of each arrest.

**ANSWER:**

**INTERROGATORY NO. 7:** State in detail your activities for the twenty-four (24) hour period immediately prior to the collision specifically including the time you began driving on the date of the incident; the time, the location, the reason, and the duration of each stop you made; the identity of each person at each stop, and your ultimate destination.

**ANSWER:**

**INTERROGATORY NO. 8:** If you drank any alcoholic beverage or took any medication, whether prescription or not, during the twenty-four (24) hour period immediately prior to the collision, identify the type and amount of each beverage ingested, the location of ingestion, the name, amount and dosage of each drug or medication ingested,   and the identity of the prescribing physician.

**ANSWER:**

**INTERROGATORY NO. 9:** If you presently wear glasses, corrective lenses or a hearing aid, or if glasses, corrective lenses or hearing aids have ever been prescribed for you, identify the prescribing doctor and the medical reason the glasses, corrective lenses and/or hearing aid was prescribed. Also state whether you were wearing your glasses, corrective lenses and/or hearing aid at the time of the collision in question.

**ANSWER:**

**INTERROGATORY NO. 10:** State as close to verbatim as possible all non-privileged statements, admissions, or declarations made by you to any person or entity regarding the facts or circumstances of this occurrence at the time of the collision or at any time subsequent to the collision.

**ANSWER:**

**INTERROGATORY NO. 11:** If you were you employed at the time of the incident in question, please state the name, address, and phone number of the employer(s) and state whether you were in the course and scope of such employment at the time the incident made the basis of this suit occurred.

**ANSWER:**

**INTERROGATORY NO. 12:** Please state in your own words how the incident made the basis of this suit occurred.

**ANSWER:**

**INTERROGATORY NO. 13:** Identify the name, address, telephone number and qualifications of every CONSULTING expert whose opinions, mental impressions, or work product was reviewed by a testifying expert. For each person named, please state: 1) the subject matter of such experts opinions, 2) the facts known to such expert that relate to or form the basis of the expert's mental impressions and opinions formed or made in connection with this case regardless of when and how the factual information was acquired, and, 3) such expert's mental impressions and opinions formed or made in connection with this case.

**ANSWER:**

**INTERROGATORY NO. 14:** If you were not the owner of the vehicle you were driving at the time of the incident made the basis of this suit, please state the name and address of the owner of such vehicle at the time the incident occurred and any occupants of the vehicle which you were driving at the time of the incident.

**ANSWER:**

**INTERROGATORY NO. 15:** Please state the name, address and telephone number of each person who is expected to be called to testify at the trial of this case.

**ANSWER:**

**INTERROGATORY NO. 16:** If there was any cell phone(s) in your vehicle at the time the incident in question occurred or any cell phone(s) you possessed or used on the day of the incident, please state:

a.       The name, address and telephone number of the provider (on the date of this accident) of the phone services for said phone;

b.       State the telephone number (on the date of the accident) for said phone;

c.       State the account number for said phone on the date of the accident;

d.       State the full name, address and telephone number of the person in whose name said phone was listed on the date of the accident; and

e.       State the full name, address and telephone number of the person in whose name the phone service account (on the date of the accident) was listed.

**ANSWER:**

**INTERROGATORY NUMBER 17:** Identify each traffic violation you have ever received. As used in this Interrogatory "Identify" means to state the date of each citation/ticket, the reason, the disposition, and the location (City and State) and describe any traffic citation you received as a result of this collision by stating the name, and location of the court involved, the violations of the law charged in that citation, and the date, place and manner (i.e., type of plea, bail, forfeit, trial, etc.) of disposition of the citation.

**ANSWER:**

**INTERROGATORY NUMBER 18:** State whether any other person, not a party to this lawsuit, has made a claim or filed a lawsuit against you or any other person regarding or pertaining to the incident made the basis of this lawsuit, and if so please state such persons names and addresses.

**ANSWER:**

**INTERROGATORY NO. 19:** State the speed of your vehicle at all times material to the collision in question, specifically including, your speed at the time of the impact, whether or not your brakes were applied at the time of the impact, and if so, your speed before applying the brakes and at what moment you first applied your brakes.

**ANSWER:**

**INTERROGATORY NO. 20:** Regarding the collision, please state whether you saw decedent at any time before the actual impact and, if so, please state the following:

> The distance between you and decedent when you first saw him;
> The distance decedent was from the point of impact when you first saw decedent;
> The speed of your vehicle when you first saw decedent; and,
> Whether you altered your course and movement after you first observed decedent and, if so, in what manner.

**ANSWER:**

**INTERROGATORY NO. 20:** With regards to the driver of the Defendant trucking company's vehicle involved in the subject accident, please state any and all addresses from present to the last 5 years and phone numbers.

**ANSWER:**

## INTERROGATORIES TO DEFENDANT CON-WAY

Take notice that pursuant to Rules 192 and 197 of the Texas Rules of Civil Procedure, Plaintiff serves the attached interrogatories to be propounded to Defendant. You are hereby instructed to answer the following interrogatories separately, fully, in writing, and under oath as required by Rule 197.2(d) of the Texas Rules of Civil Procedure and the provisions of Rule 14 shall not apply.

You are further advised that, pursuant to Rule 193.5, the party responding to these Interrogatories is under a duty to supplement his answer if he obtained information upon the basis of which (a) he knows that the answer was incorrect when made, or (b) he knows the answer, though correct when made, is no longer true and the circumstances are such that his failure to amend the answer is in substance a knowing concealment.

If any space left for your answer is insufficient, please attach a separate sheet to complete such answer. The answers shall be served upon the undersigned counsel within 50 days after the service of these interrogatories. The "date" referred to in the following interrogatories is the date of the accident forming the basis of this lawsuit.

The ""incident" and/or "accident" referred to in the following interrogatories is the accident involving the parties named in this lawsuit.

A "writing" as referred to in the following interrogatories is any written or recorded documentation, memorandum, notes, electronic data transfer, reports, records, and any other similar or comparable recondition of information.

### INTERROGATORY NO. 1:

Please state whether this business entity has had a transfer of ownership in the last ten years; and if so, the dates of transfer, the parties or entities to the transfer, and current owner(s).

### ANSWER:

### INTERROGATORY NO. 2:

Please state this business entity's, full name, present address of principle place of business, and any other names by which it may have been known for the last ten years.

### ANSWER:

### INTERROGATORY NO. 3:

Please state the names, address, and phone numbers of Defendant Con-Way its agents/employees and/or representatives who first authorized Defendant Hewitt to drive the vehicle which was involved in the incident made the basis of this suit.

### ANSWER:

### INTERROGATORY NO. 4:

Please state the name and address, phone number of each person having any knowledge, of relevant facts related to the accident which is the basis of this suit, the cause thereof, or the damages resulting therefrom.

ANSWER:

INTERROGATORY NO. 5:

Please state whether, prior to authorizing Defendant Hewitt to operate the 18-wheeler involved in the accident, did Defendant Con-Way and/or agents engage in any inquiry to determine the driver's physical and/or mental condition and fitness to operate the 18-wheeler the nature of Defendant Hewitt's driving ability; and if so then,

(a)     Please describe the inquiry Defendant Con-Way representatives, servants and/or agents undertook.

ANSWER:

(b)     Please IDENTIFY each PERSON who has knowledge of any fact relating to the inquiry.

ANSWER:

(c)     Please IDENTIFY each WRITING relating to the inquiry.

ANSWER:

(d)     Please IDENTIFY the present CUSTODIAN of any WRITING relating to the inquiry.

ANSWER:

(e)     Please state each reason why YOU did not engage in any inquiry regarding the driving ability of Defendant Hewitt.

ANSWER:

INTERROGATORY NO. 6:

Please state whether, prior to transferring or loaning your vehicle to Defendant Hewitt, did Defendant Con-Way its representatives, servants, and/or agents undertake any inquiry to determine the existence of any medical condition which might preclude Defendant Hewitt from safely operating a motor vehicle; and if so then,

(a)     Please describe the inquiry, Defendant Con-Way representatives, servants and/or agents undertook.

ANSWER:

(b)     Please IDENTIFY each PERSON who has knowledge of any fact relating to the inquiry.

ANSWER:

(c)     Please IDENTIFY each WRITING relating to the inquiry.

**ANSWER:**

(d)     Please IDENTIFY the present CUSTODIAN of any WRITING relating to the inquiry.

**ANSWER:**

(e)     Please state each reason why YOU did not engage in any inquiry regarding the medical condition, which might preclude the driving ability of Defendant Hewitt.

**ANSWER:**

**INTERROGATORY NO. 7**

Please state whether, prior to Defendant Con-Way its representatives, servants and/or agents, entrusting the motor vehicle to Defendant Hewitt did Defendant Con-Way its representatives, servants, and/or agents undertook any inquiry to determine whether Defendant Hewitt had demonstrated any propensity to operate vehicles while fatigued; and if so then,

(a)     Please describe the inquiry Defendant Con-Way representatives, servants and/or agents undertook.

**ANSWER:**

(b)     Please IDENTIFY each PERSON who has knowledge of any fact relating to the inquiry.

**ANSWER:**

(c)     Please IDENTIFY each WRITING relating to the inquiry.

**ANSWER:**

(d)     Please IDENTIFY the present CUSTODIAN of any WRITING relating to the inquiry.

**ANSWER:**

(e)     Please state each reason why YOU did not engage in any inquiry

**ANSWER:**

**INTERROGATORY NO. 8**

State when you first employed Defendant AHewitt and how long Defendant Hewitt had been an employee for Defendant Con-Way.

**ANSWER:**

**INTERROGATORY NO. 9**

Describe any insurance agreement under which any insurance business may be liable to satisfy part or all of the judgment which may be entered in this action, or to indemnify or reimburse for payments made to satisfy the judgment, the name of the insurer, and the amount of any liability insurance coverage.

**ANSWER:**

**INTERROGATORY NO. 10**

Describe in detail what damage, if any, was done to Defendant Hewitt vehicle that Defendant Con-Way was operating and which was involved in this accident drove in this accident, and give the cost of repair to such vehicle.

**ANSWER:**

**INTERROGATORY NO. 11**

Describe in detail what injuries, if any, Defendant Hewitt, received in the accident and if said driver missed any work with Defendant Con-Way post-accident.

**ANSWER:**

**INTERROGATORY NO. 12**

Describe any information you have indicating, or any reason you have to believe, that there was any defect or failure on the part of any vehicle or equipment involved in the accident.

**ANSWER:**

**INTERROGATORY NO. 13**

Describe any criminal record Defendant Hewitt may have, including the nature of the charge, date and place of arrest, and conviction, if any. (This Interrogatory is intended to include traffic or moving vehicle violations.)

**ANSWER:**

**INTERROGATORY NO. 14**

State the name and address of any person who has photograph of any person, place or thing which is relevant and material to the accident and describe what the photograph show.

**ANSWER:**

**INTERROGATORY NO. 15**

Please state whether or not you have a copy of any statement which the Plaintiff or any other person with knowledge of relevant facts have previously made concerning the action or its subject matter and which is in your possession, custody or control.

For the purpose of this question, a statement previously made is (1) a written statement signed or otherwise adopted or approved by the person making it, or (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

If so, state the name of the person giving the statement, the date of the statement, the name of the person taking the statement and who now has possession of such statement.

**ANSWER:**

**INTERROGATORY NO. 16**

Please state who gave Defendant Hewitt the authority to drive the vehicle owned by Con-Way on the date in question.

**ANSWER:**

**INTERROGATORY NO. 17**

Please state whether Defendant Con-Way lent/leased/rented the vehicle to Defendant Hewitt on the date of the accident?

**ANSWER:**

### INTERROGATORY NO. 18

Have Defendants been sued under similar circumstances by other parties, either injured or from families, for a wrongful death or a personal injury claim? If yes, then please state the Court and Cause number of said proceedings.

### ANSWER:

### INTERROGATORY NO. 19

What is the relationship between Defendant Hewitt and Defendant Con-Way in this cause of action?

### ANSWER:

### REQUEST FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS

1.     Any photographs pictures, movies, motion pictures or videotapes of any party or witness connected to this accident or any of the persons involved in the incident, the incident site, the motor vehicles, tractor and trailer, or any other subject matter involved in the incident made the basis of this suit.

2.     Any documents that show or relate to the damage to any of the vehicles involved in this case including, but not limited to, any estimates, bills, appraisals, repair orders, work orders or the like for repair of the vehicles involved.

3.     A copy of the title and registration to the tractor and trailer the Defendant Hewitt was driving.

4.     A copy of your driver's license, front and back.

5.     A copy of your driving record.

6.     Copies of any citations issued to the Defendant Hewitt in the past five (5) years or a listing of these citations.

7.     Any documents concerning any prior arrests or convictions of any party or any other witness which you have in your possession, control or that is obtainable through reasonable diligence.

8.     Any maps, surveys, diagrams, or other documents that show the scene of the occurrence made the basis of this suit.

9.     Produce the cell phone billing records which reflect phone use by you for the 24 hour period prior to and following the incident made the basis of this suit.

10.     Any records or reports which indicate alcohol or drug consumption, use or effect on any of the operators of vehicles involved in the accident made the basis of this suit.

11.     Any documents or statements that show the identity of any witness to the incident made the basis of this lawsuit, or any other person with knowledge of relevant facts concerning the incident made the basis of this lawsuit, the events leading up to it, or any damage sustained by Plaintiff.

12.     Any written documents, including police reports describing any investigation of the subject incident conducted by any person, including you or your insurance carriers or by any agent of yours prior to the time this suit was filed.

13.    Any written documents describing the arrest or conviction of any party or person with knowledge of relevant facts identified in discovery responses which you intend to use pursuant to Rule 609, Texas Rules of Evidence.

14.    Any written documents describing the past, present or future earnings or earning capacity of the Plaintiffs.

15.    Any documents, tangible things, reports, models, or data compilations, including electronic or magnetic data (as defined by Rule 196.4) in the Texas Rules of Civil Procedure, in printed form, that have been provided to, reviewed by, or prepared by or for any CONSULTING expert whose opinions, mental impressions, or work product was reviewed by a testifying expert.

16.    If the discoverable factual observations, tests, supporting data, calculations, photographs or opinions of a consulting expert as defined in Request No. 15 in this case have not been recorded or reduced to tangible form, Plaintiffs hereby requests that such matters be recorded and reduced to tangible form and produced to Plaintiffs.

17.    Any document which supports, or tends to support, or negate, any allegation or contention that you may have regarding any injuries that the Plaintiffs alleges to have been sustained in the occurrence made the basis of this lawsuit, or which, in any way serves to impeach the Plaintiffs.

18.    Any and all discovery propounded and/or responded to, including but not limited to your answers to interrogatories, responses to request for production of documents or other tangible things with any actual production, responses to request for admissions of fact and/or genuineness of documents, deposition transcripts, DWQs and/or any and all evidence of whatever nature which you may introduce at trial and/or for any motions hearing in this action, which you have obtained from any party, witness, or third-party in this action.

19.    The resume, curriculum vitae and bibliography of each consulting expert as defined in Request No. 15.

20.    Any written documents describing any claims or lawsuits of the Plaintiff other than the suit which is the basis of this claim or any other party to this suit.

21.    A true and correct copy of Defendant Hewitt's banking and/or credit card statement and/or receipts on the date of incident and 48 hours beforehand.

22.    Any written documents describing any medical treatment of the Plaintiff.

23.    Any investigative reports relating to the incident in question, including all documents, memoranda, photographs, videotapes, movies, statements, reports, drawings, communications, and tangible things attached to such reports, or referred to therein, which were generated or obtained by or on behalf of you in the ordinary course of business or before a reasonable person would have concluded from the circumstances that there was a substantial chance of litigation.

24.    All newspaper articles that pertain to or reference the collision.

25.    Any documents, records, reports, notations, or memoranda regarding you from persons or entities that compile claim information, insurance claims, and worker's compensation claims, specifically including the Southwest Index Bureau or Southwest Insurance Information Exchange and all similar persons or entities.

26.    Any documents and tangible things which support your contention that:

    a.    Any act or omission on the part of Plaintiff caused or contributed to the collision;

    b.    Any factor, other than a. above, contributed to or was the sole cause of the collision including but not limited to, acts or omissions of negligence of any other party or parties, or potential third-party, sudden emergency, unavoidable accident, mechanical defect, or act of God.

    c.    Any factor caused or contributed to the Plaintiff's damages, including, but not

limited to pre-existing or subsequently existing physical or medical condition or conditions of the Plaintiffs.

d.    Any of the medical expenses incurred by Plaintiff for treatment of injuries allegedly resulting from the accident in question were not reasonable and/or necessary.

e.    Plaintiff's injuries, if any, were not the result of or caused by the collision in question.

27.    Each primary, umbrella, and excess insurance policy or agreement, including the declarations page, which was in effect at the time of the collision including all non-waiver agreements, reservation of rights letters, or other documents or communications regarding insurance coverage.

28.    Any documents concerning the arrest or prosecution of any person(s) involved in and arising out of the incident made the basis of this suit, including, but not limited to, traffic citations, criminal prosecutions and/or administrative actions of the State of Texas or any local governing body.

29.    Any and all medical records and bills for treatment rendered to Defendant Hewitt as a result of this motor vehicle accident.

30.    Any and all income documents of your worth, including tax returns for the prior five (5) years, disclosure of all assets and liabilities of any nature whatsoever and adequate to access gross/net worth of this Defendant.

31.    A complete copy of any and all logbooks pertaining to the subject tractor trailer involved in this accident from the present to a period dating back five (5) years.

32.    Any and all data and/or information contained within any on board computers (i.e. on board computer printouts) and/or reports pertaining to the subject tractor trailer involved in this accident from the present to a period dating back five (5) years, including but not limited to, performance of the driver, tractor-trailer and trip, GPS data covering the subject incident, recorded speed and times recorded, location, route traveled detours, average speeds, and times stopped.

33.    Any and all bills of lading including, but not limited to, an inventory of goods received/shipped/transported and/or delivered during the subject incident and for a period covering the origination of the subject shipment prior to the accident, and covering the completion of the shipment, property being transported, contract of carriage, names of contracting parties, and terms of the carriage related to the shipment.

34.    Any and all freight bills during the subject incident and for a period covering the origination of the subject shipment prior to the accident, and covering the completion of the shipment, including, but not limited to, information of all charges, trailer number, origin and destination terminals and any special instructions to the driver for handling or delivering the load.

35.    Any and all trip reports during the subject incident and for a period covering the origination of the subject shipment prior to the accident, and covering the completion of the shipment, including, but not limited to, date and time of beginning and end, driver's name, truck equipment numbers, odometer readings, states traversed, monetary advances, fuel expenses, and any other expenses, load adjustments, repairs or incidences.

36.    Any and all schedules prepared by you and/or provided for the subject haul during the subject incident and for a period covering the origination of the subject shipment prior to the accident, and covering the completion of the shipment, including, but not limited to, where the driver was to arrive/depart and by what times.

37. A complete copy of the personnel and qualification file of Defendant Hewitt.

38. A complete copy of any and all driving records of Defendant Hewitt while employed and/or working for CON-WAY, including any and all internal accident or investigation reports, inclusive of the subject accident, and including any other accidents/incidences.

39. Any and all documents reflecting Defendant Hewitt's interest and/or ownership of stocks or shares pertaining to CON-WAY.

40. Any and all contracts and/or agreements between Hewitt and CON-WAY from the present and dating back up to five (5) years.

41. Any and all records of Hewitt's pre-employment, employment, and post-employment period working with Defendant CON-WAY.

42. Any and all applications for employment by Hewitt related to his hire and work with CON-WAY.

43. Any and all driver investigation history files covering the safety performance history of Hewitt and including, but not limited to:

    A. A copy of Hewitt's written authorization for CON-WAY to seek information about his alcohol and controlled substance history as required under FMCSR 391.23;

    B. A copy of the responses received for investigations required under FMCSR 391.23 from each previous employer, or documentation of good faith efforts to contact them;

    C. The certificate of the driver's road test issued to the driver pursuant to FMCSR 391.31;

    D. The response to each State agency to the annual driver record inquiry required by FMCSR 391.25;

    E. A note relating to the annual review of Hewitt's driving records as required by FMCSR 391.25;

    F. A list or certificate relating to violations of motor vehicle laws and ordinances required by FMCSR 391.27;

    G. The medical examiner's certificate of his/hers physical qualification/disqualification for Hewitt to drive/not drive a commercial motor vehicle; and

    H. A letter of physical disqualification waiver.

44. Any and all documents showing Hewitt's drug testing pre-employment and while employed with CON-WAY up to the present.

45. Any and all documents showing Hewitt's alcohol testing pre-employment and while employed with CON-WAY up to the present.

46. Any and all documents indicating any and all investigation and/or administration both pre-employment and while employing Hewitt regarding his license, including expiration dates and renewal dates during which Hewitt was operating CON-WAY vehicles, any suspensions, revocations or other violations affecting any license required for Hewitt to drive CON-WAY vehicles, CDL certifications and any LCV and/or other special licenses Hewitt needed to operate CON-WAY vehicles, tractor-trailers.

47. Any and all investigation and inquiry documents regarding Hewitt, including but not limited to, CON-WAY inquiry of Hewitt's driving record during the past three (3) years to which government agency made, investigation by CON-WAY of Hewitt's safety performance history with the Department of Transportation for Texas, or the appropriate authorities in each State that Hewitt is licensed for the past three (3) years.

48.     Any and all documents related to Hewitt's medical certificate, including medical examination from a licensed medical examiner and optometrist pre-employment with CON-WAY.

49.     Any and all documents related to Hewitt's road test(s) prior to operating CON-WAY vehicles/tractor-trailers.

50.     Any and all documents related to any special clearances or licenses required of Hewitt by CON-WAY.

51.     A complete copy of the application Hewitt completed, including any attachments, resumes, cover letters and/or CVs, for employment with CON-WAY.

52.     Any and all documents for pre-employment references, reference checks, and identifying information contained therein.

53.     Any and all documents related to any criminal background checks performed on Hewitt by and/or on behalf of CON-WAY at any time.

54.     A complete copy of the entire driver qualification file from Hewitt's inception of working with CON-WAY to the present and including his application for employment, a copy of the response by the pertinent state agency concerning Hewitt's driving record, the certificate of Hewitt's road test, or a copy of the license or certificate accepted by CON-WAY equivalent to the road test.

55.     Any and all documents related to the method of payment for Hewitt while working with CON-WAY.

56.     If no longer employed with CON-WAY, Hewitt's entire post-employment records relating to the termination, evaluations, unemployment records, and any records indicating CON-WAY inquiry/investigation of any prior terminations of Hewitt with CON-WAY or other employers.

57.     Any and all records related to repair, maintenance, inspections of the subject tractor-trailer from the beginning of the tractor and trailers use by CON-WAY to the present, and any past records so acquired before use by CON-WAY.

58.     Any and all documents regarding the driver vehicle inspection reports, including, but not limited to, service brakes, trailer brakes and connections, parking brake, steering mechanism, lighting devices and reflectors, tires, horn, windshield wipers, rear vision mirrors, coupling devices, wheels and rims.

59.     Any and all records related to emergency equipment.

60.     Any and all records regarding any and all periodic inspections of the subject tractor-trailer.

61.     Any and all documents regarding contractual/financial payments, profits and losses.

62.     Any and all documents related to the qualcomm and/or other GPS tracking systems indicating position history and/or message history and/or any other data for the subject tractor-trailer.

## IX. NOTICE OF INTENT

Plaintiffs hereby give notice of intent to utilize any and all items produced in discovery in the trial of this matter and the authenticity of such items is self-proven per the Texas Rules of Civil Procedure 193.7.

### X. PRAYER

WHEREFORE, Plaintiffs respectfully request that Defendants be cited to appear and answer, and that on final trial, Plaintiff be awarded judgment against Defendants, jointly and/or severally, for the following:

a.   Compensatory damages for Plaintiffs past and future economic damages, including but not limited to, medical care expenses, lost income, diminished earning capacity and property damage in an amount to be determined by the trier of fact;

b.   Compensatory damages for Plaintiffs past and future non-economic damages, including but not limited to, physical pain, mental anguish, physical impairment, disfigurement, anxiety, aggravation, inconvenience and loss of enjoyment in an amount to be determined by the trier of fact;

c.   Pre and post judgment interest at the maximum legal rate;

d.   Cost of Court; and

e.   Any and all further relief, at law or in equity, to which Plaintiff's will be justly entitled.

Respectfully submitted,

R. E. LÓPEZ & ASSOCIATES, P.C.
2600 K Avenue
Suite 140
Plano, TX 75074
Ph. 469-209-7725
Fax 888-601-4934

By: _____
GABRIEL A. RIVEROS
State Bar No.: 24068864
R. ERIC LOPEZ
State Bar No.: 24049894
ATTORNEYS FOR PLAINTIFF

E-FILED

CAUSE NO. DC-14-00994

| | | |
|---|---|---|
| TONYA ESTELLE, | § | IN THE DISTRICT COURT |
|     Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | 95th JUDICIAL DISTRICT |
| WILLIAM HEWITT and CON-WAY | § | |
| TRUCKLOAD, INC. | § | |
|     Defendants. | § | DALLAS COUNTY, TEXAS |

## DEFENDANT CON-WAY TRUCKLOAD, INC.'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, CON-WAY TRUCKLOAD, INC. (hereinafter "Defendant"), Defendant in the above-entitled and numbered cause, and makes and files this its Original Answer, showing unto the Court as follows:

### I.
### GENERAL DENIAL

Subject to such stipulations and admissions as may be made hereafter, this Defendant hereby enters a general denial as permitted by Rule 92 of the Texas Rules of Civil Procedure, and requests that Plaintiff be required to prove by a preponderance of the evidence the charges and allegations which she has made against this Defendant and to do so before a jury composed of twelve (12) citizens of this County as is required by the laws and Constitution of the State of Texas.

### II.
### AFFIRMATIVE DEFENSES

1.    Further answering, and in the alternative, Defendant says that at the time and on the occasion in question, Plaintiff failed to use that degree of care and caution that would have been used by a person of ordinary prudence under the same or similar circumstances and thereby



EXHIBIT
A-2

proximately caused, or proximately contributed to cause, the occurrence in question and any allegedly resulting injuries or damages.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that judgment be rendered, that Plaintiff take nothing by this suit and that Defendant be permitted to go hence without delay and recover its costs in this behalf expended, and for such other and further relief, general and specific, legal and equitable, to which Defendant may be justly entitled.

Respectfully submitted,


*/s/ D. Randall Montgomery*
_____

**D. RANDALL MONTGOMERY**
State Bar No. 14289700
**MICHAEL JUSTUS**
State Bar No. 24002384
**D. RANDALL MONTGOMERY**
  **& ASSOCIATES, P.L.L.C.**
12400 Coit Road, Suite 560
Dallas, Texas  75251
(214) 292-2600
(469) 568-9323 (Facsimile)

**ATTORNEYS FOR DEFENDANT
CON-WAY TRUCKLOAD, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing instrument has been served upon all attorneys of record in accordance with the Texas Rules of Civil Procedure on this the __27th__ day of February, 2014.

**CMRRR 71791000164921388069**
Gabriel A. Riveros
R.E. Lopez & Associates, PC
2600 K Avenue, Suite 140
Plano, Texas  75074


*/s/ D. Randall Montgomery*
_____

**D. RANDALL MONTGOMERY**


**DEFENDANT CON-WAY TRUCKLOAD, INC.'S ORIGINAL ANSWER** – Page 2

E-FILED

CAUSE NO.  DC-14-00994

| | |
|---|---|
| TONYA ESTELLE,<br>    **Plaintiff,** | § IN THE DISTRICT COURT |
| | § |
| **vs.** | § |
| | § 95th JUDICIAL DISTRICT |
| **WILLIAM HEWITT and CON-WAY** | § |
| **TRUCKLOAD, INC.** | § |
|     **Defendants.** | § DALLAS COUNTY, TEXAS |

<u>**DEFENDANT WILLIAM HEWITT'S ORIGINAL ANSWER**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

      COMES NOW, WILLIAM HEWITT (hereinafter "Defendant"), Defendant in the above-entitled and numbered cause, and makes and files this his Original Answer, showing unto the Court as follows:

**I.**
<u>**GENERAL DENIAL**</u>

      Subject to such stipulations and admissions as may be made hereafter, this Defendant hereby enters a general denial as permitted by Rule 92 of the Texas Rules of Civil Procedure, and requests that Plaintiff be required to prove by a preponderance of the evidence the charges and allegations which she has made against this Defendant and to do so before a jury composed of twelve (12) citizens of this County as is required by the laws and Constitution of the State of Texas.

**II.**
<u>**AFFIRMATIVE DEFENSES**</u>

      1.    Further answering, and in the alternative, Defendant says that at the time and on the occasion in question, Plaintiff failed to use that degree of care and caution that would have been used by a person of ordinary prudence under the same or similar circumstances and thereby


EXHIBIT
A·3

<u>DEFENDANT WILLIAM HEWITT'S ORIGINAL ANSWER</u> – Page 1

proximately caused, or proximately contributed to cause, the occurrence in question and any allegedly resulting injuries or damages.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that judgment be rendered, that Plaintiff take nothing by this suit and that Defendant be permitted to go hence without delay and recover his costs in this behalf expended, and for such other and further relief, general and specific, legal and equitable, to which Defendant may be justly entitled.

Respectfully submitted,


*/s/ D. Randall Montgomery*

**D. RANDALL MONTGOMERY**
State Bar No. 14289700
**MICHAEL JUSTUS**
State Bar No. 24002384
**D. RANDALL MONTGOMERY
   & ASSOCIATES, P.L.L.C.**
12400 Coit Road, Suite 560
Dallas, Texas  75251
(214) 292-2600
(469) 568-9323 (Facsimile)

**ATTORNEYS FOR DEFENDANT
WILLIAM HEWITT**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing instrument has been served upon all attorneys of record in accordance with the Texas Rules of Civil Procedure on this the __27th__ day of February, 2014.

**CMRRR 71791000164921388069**
Gabriel A. Riveros
R.E. Lopez & Associates, PC
2600 K Avenue, Suite 140
Plano, Texas  75074


*/s/ D. Randall Montgomery*

**D. RANDALL MONTGOMERY**

<u>**DEFENDANT WILLIAM HEWITT'S ORIGINAL ANSWER**</u> – **Page 2**

E-FILED

CAUSE NO.  DC-14-00994

| | | |
|---|---|---|
| TONYA ESTELLE,<br>        Plaintiff, | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| vs. | § | |
| | § | 95th JUDICIAL DISTRICT |
| WILLIAM HEWITT and CON-WAY | § | |
| TRUCKLOAD, INC. | § | |
|        Defendants. | § | DALLAS COUNTY, TEXAS |

## DEFENDANT CONWAY TRUCKLOAD, INC.'S JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Con-way Truckload, Inc. (hereinafter "Defendant"), and demands a jury

trial of all issues of fact in this lawsuit.

The filing of this Jury Demand, however, is not a request that the matter be set for trial at

this time or that the matter be placed on the Court's docket at this time.

Respectfully submitted,


*/s/ D. Randall Montgomery*

**D. RANDALL MONTGOMERY**
State Bar No. 14289700
**MICHAEL JUSTUS**
State Bar No. 24002384
**D. RANDALL MONTGOMERY**
  **& ASSOCIATES, P.L.L.C.**
12400 Coit Road, Suite 560
Dallas, Texas  75251
(214) 292-2600
(469) 568-9323 (Facsimile)

**ATTORNEYS FOR DEFENDANT
CON-WAY TRUCKLOAD, INC.**



EXHIBIT
A-4

DEFENDANT CON-WAY TRUCKLOAD, INC.'S JURY DEMAND - Page 1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing instrument has been served upon all attorneys of record in accordance with the Texas Rules of Civil Procedure on this the __27th__ day of February, 2014.

**CMRRR 71791000164921388069**
Gabriel A. Riveros
R.E. Lopez & Associates, PC
2600 K Avenue, Suite 140
Plano, Texas  75074

*/s/ D. Randall Montgomery*
_____
**D. RANDALL MONTGOMERY**

CAUSE NO. DC-14-00994

| | | |
|---|---|---|
| TONYA ESTELLE, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | 95th JUDICIAL DISTRICT |
| WILLIAM HEWITT and CON-WAY | § | |
| TRUCKLOAD, INC. | § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

<u>NOTICE OF FILING OF NOTICE OF REMOVAL</u>

Please take notice that on February 27, 2014, Defendants William Hewitt and Con-way Truckload, Inc. filed a Notice of Removal of the above-captioned action with the United States District Court for the Northern District of Texas, Dallas Division, a copy of which is attached hereto.

Respectfully submitted,

*/s/ D. Randall Montgomery*

_____

**D. RANDALL MONTGOMERY**
State Bar No. 14289700
**MICHAEL JUSTUS**
State Bar No. 24002384
**D. RANDALL MONTGOMERY**
  **& ASSOCIATES, P.L.L.C.**
12400 Coit Road, Suite 560
Dallas, Texas 75251
(214) 292-2600
(469) 568-9323 (Facsimile)

**ATTORNEYS FOR DEFENDANTS**
**WILLIAM HEWITT and**
**CON-WAY TRUCKLOAD, INC.**



## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing instrument has been served upon all attorneys of record in accordance with the Texas Rules of Civil Procedure on this the __27th__ day of February, 2014.

**CMRRR 71791000164921390871**
Gabriel A. Riveros
R.E. Lopez & Associates, PC
2600 K Avenue, Suite 140
Plano, Texas  75074


*/s/ D. Randall Montgomery*
_____
**D. RANDALL MONTGOMERY**

Skip to Main Content  Logout  My Account  Search Menu  New Civil District Search  Refine Search  Back

Location : All District Civil Courts    Images  Help

## REGISTER OF ACTIONS
### CASE NO. DC-14-00994

TONYA ESTELLE vs. CON-WAY TRUCKLOAD, INC., et al

§
§
§
§
§

Case Type:   **MOTOR VEHICLE ACCIDENT**
Date Filed:  **01/31/2014**
Location:    **95th District Court**

---

### PARTY INFORMATION

**Lead Attorneys**

DEFENDANT   CON-WAY TRUCKLOAD, INC.

DEFENDANT   HEWITT, WILLIAM

PLAINTIFF   ESTELLE, TONYA

**GABRIEL A RIVEROS**
*Retained*
469-209-7725(W)

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 01/31/2014 | NEW CASE FILED (OCA) - CIVIL |
| 01/31/2014 | CASE FILING COVER SHEET |
| 01/31/2014 | CORRESPONDENCE - LETTER TO FILE |
| | *Correspondence - Letter To File* |
| 01/31/2014 | ORIGINAL PETITION |
| 01/31/2014 | ISSUE CITATION |
| 01/31/2014 | ISSUE CITATION COMM OF INS OR SOS |
| 02/04/2014 | CITATION |

CON-WAY TRUCKLOAD, INC.          Served      02/08/2014
                                 Returned    02/17/2014

02/04/2014  CITATION SOS/COI/COH/HAG
            HEWITT, WILLIAM       Served      02/10/2014
                                 Returned    02/17/2014

02/11/2014  NOTE - ADMINISTRATOR
            *Set for initial dismissal (service/default): April 3, 2014. Notice faxed to counsel.*
04/03/2014  DISMISSAL FOR WANT OF PROSECUTION  (8:30 AM) (Judicial Officer MOLBERG, KEN)

---

### FINANCIAL INFORMATION

**ATTORNEY RIVEROS, GABRIEL A**
Total Financial Assessment                                              0.00
Total Payments and Credits                                             0.00
**Balance Due as of 02/27/2014**                                     **0.00**

**DEFENDANT CON-WAY TRUCKLOAD, INC.**
Total Financial Assessment                                           366.00
Total Payments and Credits                                           366.00
**Balance Due as of 02/27/2014**                                     **0.00**

02/03/2014  Transaction Assessment                                   366.00
02/03/2014  CREDIT CARD - TEXFILE   Receipt # 5802-2014-DCLK   CON-WAY TRUCLOAD, INC.   (366.00)
            (DC)



EXHIBIT
A-5