IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TONYA ESTELLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:14-CV-754-L** |
| | § | |
| WILLIAM HEWITT and CON-WAY TRUCKLOAD, INC., | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINON AND ORDER

Before the court is Plaintiff's Motion for Remand, filed May 6, 2014. After careful consideration of the motion, response, record, pleadings, and applicable law, the court **denies** Plaintiff's Motion for Remand.

**I.     Background**

Tonya Estelle ("Plaintiff" or "Estelle") originally filed this action in the 95th Judicial District Court of Dallas County, Texas, on January 30, 2014, against William Hewitt ("Hewitt") and Con-Way Truckload, Inc. ("Con-Way"), collectively, "Defendants." Plaintiff contends that she was injured when a vehicle driven by Hewitt struck her vehicle from the rear on Interstate Highway 35 near Ann Arbor Avenue in Dallas, Texas, on December 6, 2013. She contends that Hewitt was negligent in a number of ways in the operation of the vehicle and that Con-Way negligently entrusted the vehicle to Hewitt. Estelle contends that she suffered injuries as a proximate result of Defendants' negligence, and she seeks damages for the injuries she sustained.

Defendants removed the state court action to this court on February 27, 2014, contending that complete diversity of citizenship exists between the parties and that the amount in controversy

exceeds $75,000, exclusive of interest and costs. Plaintiff opposes the removal and seeks a remand of this action to state court. She contends that she now "seeks total damages not to exceed $74,999.99," which is below the jurisdictional threshold, that this court therefore lacks jurisdiction, and that remand is required.

Defendants oppose a remand of this action. They contend that the operative pleadings at the time of removal clearly demonstrate that the amount in controversy exceeds $75,000. The court agrees.

## II.     Jurisdictional Standard

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court

**Memorandum Opinion and Order – Page 2**

may raise subject matter jurisdiction *sua sponte.*").  As this action was removed on the bases that diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000, the court does not address federal question or "arising under" jurisdiction.

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988).  Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted).  "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)).  Failure to allege adequately the basis of diversity mandates remand or dismissal of the action. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991).  A notice of removal "must allege diversity both at the time of the filing of the suit in state court and at the time of removal." *In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993) (quotation marks and citations omitted).  Such failure, however, is a procedural defect and may be cured by filing an amended notice. *Id.* n.4.

A natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985).  "'Citizenship' and 'residency' are not synonymous." *Parker v. Overman*, 59 U.S. 137, 141 (1855).  "For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) (citation and

**Memorandum Opinion and Order – Page 3**

quotation marks omitted). "Domicile requires residence in [a] state and an intent to remain in the state." *Id.* at 798 (citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)).

For diversity purposes, the amount in controversy normally is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. 28 U.S.C. § 1446(c)(2); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Removal is thus proper if it is "facially apparent" from the complaint that the claim or claims asserted exceed the jurisdictional amount. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *reh'g denied*, 70 F.3d 26 (5th Cir. 1995). In a removal case, when the complaint does not state a specific amount of damages, the defendant must establish by a preponderance of the evidence that "the amount in controversy exceeds the [$75,000] jurisdictional amount." *St. Paul Reinsurance*, 134 F.3d at 1253. "The preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled. The defendant must produce evidence that establishes that the actual amount of the claim will exceed [the jurisdictional amount]." *De Aguilar*, 47 F.3d at 1412 (footnotes omitted). The test to be used by the district court is "whether it is more likely than not that the amount of the claim will exceed [the jurisdictional amount]." *St. Paul Reinsurance*, 134 F.3d at 1253 n.13.

As the Fifth Circuit has stated, "[t]he district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy." *Id.* at 1253. If a defendant fails to establish the requisite jurisdictional amount, the court must remand the case to state court. If a defendant establishes that the

**Memorandum Opinion and Order – Page 4**

jurisdictional amount has been met, remand is appropriate only if a plaintiff can establish "to a legal certainty" that his or her recovery will not exceed the jurisdictional threshold. *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 387-88 (5th Cir. 2009).

Litigants who desire to establish legal certainty to defeat removal to federal court may do so by citing a state statute that limits the recovery to an amount less than the jurisdictional threshold, or by "filing a binding stipulation or affidavit with their [petitions]" before the action is removed to federal court. *De Aguilar*, 47 F.3d at 1412 (citation omitted). If it is facially apparent from the pleadings that the amount in controversy exceeds the jurisdictional threshold at the time of removal, affidavits, amendments to pleadings, or stipulations filed postremoval do not divest the federal court of jurisdiction. *See Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880, 883 (5th Cir. 2000) (citations omitted).

In determining whether an action should be remanded, the court is required to consider the plaintiff's pleadings as they existed at the time of removal. *Brown v. Southwestern Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990). Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance*, 134 F.3d at 1253 (footnote omitted). Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction; if a case is initially filed in federal court, the burden rests with the plaintiff to establish that the case "arises under" federal law, or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold.

**Memorandum Opinion and Order – Page 5**

### III.  Discussion

In Plaintiff's Original Petition ("Petition"), Estelle alleged that her damages exceeded $100,000. On May 6, 2014, she filed a document titled "Plaintiff's First Amended Complaint and Motion for Remand" ("Amended Complaint"). In the Amended Complaint, Plaintiff asserts that the amount of damages she seeks does not exceed $74,999.99.

The Amended Complaint by Plaintiff is a not-so-subtle attempt to have this action heard in state court. A district court must examine the pleadings at the time of removal to determine whether the action was properly removed. *Brown*, 901 F.2d at 1254. Further, a postremoval amendment of a party's pleadings that decreases the amount in controversy cannot be used to defeat jurisdiction. *See Gebbia*, 233 F.3d at 883 (citations omitted). As the Petition at the time of removal plainly states that "the damages claimed exceed $100,000.00," Pl.'s Original Pet. ¶ III, it is "facially apparent" that the amount in controversy at the time of removal exceeds $75,000. Thus, the Amended Complaint, with the reduced damage claim, may not be used to argue that the amount-in-controversy requirement has not been satisfied. Accordingly, the reduction in the amount of damages in the Amended Complaint cannot serve as a basis to remand this action to state court.

### IV.  Miscellany

#### A.  Gamesmanship

The court does not appreciate the gamesmanship used by Plaintiff in attempting to have this case remanded. The authority cited by the court has been on the books for years, and Plaintiff should have known that the tactics she used do not legally "cut the mustard." The court does not expect to see this type of gamesmanship repeated.

**Memorandum Opinion and Order – Page 6**

      **B.**    **Diversity of Citizenship**

Although the parties do not contest diversity of citizenship, the court may *sua sponte* raise the issue to determine whether there is complete diversity between the parties and therefore whether it has subject matter jurisdiction. The allegations regarding the citizenship of the parties do not meet the legal test with respect to how citizenship is determined. The court is unable to determine whether complete diversity of citizenship existed at the time the action was filed and at the time it was removed. Accordingly, Defendants are to provide more specific information as to the *citizenship* of each party. The court has set forth the standard to be used to determine the citizenship of individuals and corporations in section II of this opinion.

**V.**    **Conclusion**

For the reasons herein set forth, the court **denies** Plaintiff's Motion for Remand. Further, Defendants shall provide to the court by **June 26, 2014**, the bases that support complete diversity of citizenship between the parties. Failure to provide the information by this date will result in the court holding that complete diversity does not exist and *sua sponte* remanding this action to the 95th Judicial District Court of Dallas County, Texas.

**It is so ordered** this 12th day of June, 2014.

                                                  _/s/ Sam A. Lindsay_
                                                  Sam A. Lindsay
                                                  United States District Judge